UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO FLORIDA

SILVESTRE MONTILLA,

   Plaintiff,

vs.

CMRE FINANCIAL SERVICES, INC.,

   Defendant.

CASE NO.: 3:21-cv-00604

## ANSWER TO COMPLAINT

COMES NOW Defendant **CMRE FINANCIAL SERVICES, INC.** (hereinafter "Defendant"), by and through its counsel of record, and hereby answers the Complaint (the "Complaint") of Plaintiff SILVESTRE MONTILLA ("Plaintiff") by admitting, denying and alleging as follows:

## COMPLAINT

Defendant admits that Plaintiff sued Defendant for alleged violations of the Fair Debt Collection Practices Act (FDCPA), however; Defendant denies that it violated the FDCPA.

## JURISDICTION AND VENUE

1. In response to Paragraph 1 of the Complaint and having filed a Notice of Removal on June 16, 2021, Defendant admits that this Court has subject matter

jurisdiction over Plaintiff's claim under the FDCPA. Except as specifically admitted to herein, Defendant denies the allegations in Paragraph 1 as it refers to jurisdiction and venue in the County Court of the 4th Judicial Circuit in and for Duval County, Florida.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint as they refer to personal jurisdiction of the County Court of the 4th Judicial Circuit in and for Duval County, Florida.

3. Answering Paragraph 3 of the Complaint, Defendant lacks sufficient information to either admit or deny the amount in controversy and thereby denies same at the present time. Defendant further denies the allegations contained in Paragraph 3 as they refer to the jurisdiction of the County Court of the 4th Judicial Circuit in and for Duval County, Florida.

4. Defendant denies the allegations contained Paragraph 7 of the Complaint as they refer to venue of the County Court of the 4th Judicial Circuit in and for Duval County, Florida.

## PARTIES

5. Defendant admits that Plaintiff is a natural person, but otherwise lacks sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Complaint. Except as specifically admitted to herein, Defendant denies the allegations contained in Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Defendant admits that it is a California corporation with an address of 3075 E. Imperial Highway, #200, Brea, CA 92821. Except as specifically admitted to herein, Defendant denies the allegations contained in Paragraph 6.

## DEMAND FOR JURY TRIAL

7. Answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff demands a jury trial.

## FACTUAL ALLEGATIONS

8. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Complaint, and thereby denies same at the present time.

9. Answering Paragraph 9 of the Complaint, Defendant is informed that Mori, Bean, and Brooks, Inc. (MBB) provided medical services to Plaintiff. Except as specifically admitted to herein, Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 9 and thereby denies same at the present time.

10. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Complaint, and thereby denies same at the present time.

11. Answering Paragraph 11 of the Complaint, Defendant is informed that MBB charged a fee for the medical services it provided to Plaintiff. Except as specifically admitted to herein, Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 11 and thereby denies same at the present time.

12. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Complaint and thereby denies same at the present time.

13. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Complaint and thereby denies same at the present time.

14. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and thereby denies same at the present time.

15. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Complaint and thereby denies same at the present time.

16. Answering Paragraph 16 of the Complaint, Defendant admits that MBB placed a debt with Defendant to collect from Plaintiff. Except as specifically admitted to herein, Defendant denies the allegations contained in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Defendant admits that it contacted Plaintiff regarding a debt. Except as specifically admitted to herein, Defendant denies the allegations contained in Paragraph 17.

18. Answering Paragraph 18, Defendant admits that it is in the business of collecting debts owed to another. Except as specifically admitted to herein, Defendant denies the allegations contained in Paragraph 18.

19. Answering Paragraph 18, Defendant admits that it is in the business of collecting debts owed to another. Except as specifically admitted to herein, Defendant denies the allegations contained in Paragraph 18.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Answering Paragraph 23 of the Complaint, Defendant contends that the allegations contained therein are vague, ambiguous, lack foundation and constitute a legal conclusion.

24. Answering Paragraph 24 of the Complaint, Defendant contends that Rule 69V-180.080 of the Florida Administrative Code speaks for itself.

25. Answering Paragraph 25 of the Complaint, Defendant contends that Rule 69V-180.080 of the Florida Administrative Code speaks for itself.

26. Answering Paragraph 26 of the Complaint, Defendant contends that Rule 69V-180.080(3)(e) of the Florida Administrative Code speaks for itself.

27. Answering Paragraph 27 of the Complaint, Defendant contends that Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code speaks for itself.

28. Answering Paragraph 28 of the Complaint, Defendant admits that it caused the letter (attached as Exhibit "A" to the Complaint) to be sent to Plaintiff.

29. Answering Paragraph 29 of the Complaint, Defendant contends that the allegations contained therein constitute a legal conclusion and thereby denies same at the present time.

30. Answering Paragraph 30 of the Complaint, Defendant contends that the allegations contained therein constitute a legal conclusion and thereby denies same at the present time.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

32. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

33. Answering Paragraph 33 of the Complaint, Defendant contends that Fla. Stat. § 440.13(2)(a) speaks for itself.

34. Answering Paragraph 34 of the Complaint, Defendant contends that Fla. Stat. § 440.13(13)(a) speaks for itself.

35. Answering Paragraph 35 of the Complaint, Defendant contends that Fla. Stat. § 440.13 speaks for itself.

36. Answering Paragraph 36 of the Complaint, Defendant contends that Section 1692e of the FDCPA speaks for itself.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies that Plaintiff is entitled to any damages against Defendant as requested in Paragraph 41.

42. Except as specifically admitted to above, Defendant denies each and every allegation in the Complaint.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

43. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

44. Defendant is informed and believes and based thereon alleges that Plaintiff' Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

45. As a separate, affirmative defense, assuming *arguendo* that Defendant violated a statute alleged in the Complaint, which presupposition Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Conduct of Third Parties)

46. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Maintained Reasonable FDCPA Procedures)

47. As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of FDCPA.

## SIXTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

48. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

49. As a separate, affirmative defense, the Complaint, and each cause of action alleged there against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (FDCPA Damages are Limited)

50. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. §1692k.

## NINTH AFFIRMATIVE DEFENSE
### (Compliance with Statute)

51. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws, including but not limited to the FDCPA; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

## TENTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

52. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer and claims herein adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

## JURY DEMAND

WHEREFORE Defendant demands a Trial by Jury.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant denies every request in Plaintiff's prayer, and prays that Plaintiff's COMPLAINT be dismissed with prejudice, for its attorneys'

fees and costs incurred herein, and for such further relief as the court deems just and equitable.

Respectfully submitted,

Dated: June 24, 2021

**Gray | Robinson, P.A.**

By: /s/ Jack M. Brennan
Jack M. Brennan
Florida Bar No. 98456
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
Primary Email:
Jack.Brennan@gray-robinson.com
Secondary Email:
Jessica.Rolon@gray-robinson.com
Attorneys for Defendant,
CMRE FINANCIAL SERVICES,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June 2021, the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

THOMAS J. PATTI, ESQ.
Florida Bar No.: 118377
E-mail: tom@jibraellaw.com
**THE LAW OFFICES OF JIBRAEL S. HINDI**
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: (954) 907-1136

PAUL A. HERMAN, ESQ.
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
**CONSUMER ADVOCATES LAW GROUP, PLLC**
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone: (561) 236-8851

JOEL A. BROWN, ESQ.
Florida Bar No.: 66575
E-mail: joel.brown@friedmanandbrown.com
**FRIEDMAN & BROWN, LLC**
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone: (954) 966-0111

*COUNSEL FOR PLAINTIFF*

                                                /s/ Jack M. Brennan
                                                Jack M. Brennan